**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113849

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicole Beltrez, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Diversified Adjustment Service, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Nicole Beltrez, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Adjustment Service, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) ), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Nicole Beltrez is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Diversified Adjustment Service, Inc., is a Minnesota Corporation with a principal place of business in Anoka County, Minnesota.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS COMMON TO ALL COUNTS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, by letter dated July 19, 2017, Defendant contacted Plaintiff.

15. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The letter directed Plaintiff to Defendant's website to make payment.

17. On August 2, 2017, Plaintiff made a payment to Defendant.

18. Plaintiff was charged a "convenience fee" of $11.95 for the payment made.

## FIRST COUNT
### Violation of the FDCPA

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

20. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

22. Defendant charges a "convenience fee" of $11.95 fee for payments made.

23. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

24. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

28. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

29. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

30. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

31. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
## Violation of New York General Business Law § 349

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

NY GBL § 349(a).

34. Defendant's conduct was consumer-orientated in that the letter was sent, and the convenience fee was charged, in an effort to collect an alleged consumer debt.

35. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has charged many New York consumers an unlawful convenience fee.

36. Plaintiff is a reasonable consumer.

37. Defendant's conduct would mislead a reasonable consumer.

38. Defendant engaged in a material deceptive act or practice as described herein.

39. Defendant's conduct caused plaintiff to suffer injury.

40. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant collected a "convenience fee" on payments made, when such fee is neither expressly authorized by the agreement creating the debt, nor permitted by law, from one year before the date of this Complaint to the present.

42. This action seeks a finding that Defendant's conduct violates the FDCPA and NYGBL, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and NYGBL § 349.

43. Defendant regularly engages in debt collection.

44. The Class consists of more than 35 persons from whom Defendant collected a "convenience fee" on payments made, when such fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

45. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

46. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

47. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Disgorgement of all unlawful convenience fees collected; and

    e. Damages against Defendant pursuant to NYGBL § 349; and

    f. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    g. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    h. Grant Plaintiff's costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      i.   Such other relief that the Court determines is just and proper.

DATED: October 11, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113849